**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:
TINY FROG, INC.,   Case No. 25-01081-5-JNC
                   Chapter 11
    Debtor

**EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR
TO PAY WAGES AND BENEFITS ACCRUED PRE-PETITION
AND REQUEST FOR HEARING**

    NOW COMES Tiny Frog, Inc. (hereinafter "Debtor"), by and through its undersigned counsel, and respectfully requests authorization to pay pre-petition wages and, in support thereof, shows unto the Court the following:

    1.    The Debtor is a corporation formed and existing under the laws of the State of North Carolina in the business of operating seven (7) casual restaurants known as "Highway 55 Burgers Shakes & Fries," primarily in Johnston, Harnett, Wake, Moore, and Lee Counties, North Carolina.

    2.    The Debtor filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of North Carolina on March 25, 2025.

    3.    This motion is filed simultaneously with the petition. The Debtor expects the Bankruptcy Court for the Eastern District of North Carolina to issue an order pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code, authorizing the Debtor to retain its assets for the benefit of the estate as debtor-in-possession.

    4.    Pursuant to EDNC LBR 4002-1(d)(2) the Debtor may not pay prepetition debts without approval of the Court.

    5.    This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157.

    6.    The Debtor requests authority to honor and pay obligations for work performed pre-petition.

    7.    The Debtor has paid all prepetition payroll for wages accrued through March 15, 2025. Wages continued to accrue from March 16, 2025, to the Petition Date. The next

scheduled payroll will be run on April 7, 2025, for the period of March 16-31, 2025.

8. The wages were accrued in the ordinary course of the Debtor's business.

9. The wages accrued are $34,335.92 as shown on the summary of the payroll for this time period attached as **Exhibit A.** The Debtor will submit a detailed employee-by-employee wage summary prior to any hearing with redaction of names of minor employees.

10. In addition, Debtor will be responsible for certain payroll tax payments and unemployment payments associated with the prepetition payroll. The Debtor is unable to compute these obligations with certainty until the payroll period is closed, but estimates the prepetition amount to be $8,216.00, based on the previous pay period, prorated over ten (10) days (March 16-25).

11. These wages are entitled to 11 U.S.C. § 507(a)(4) priority wage claim status.

12. A necessity of payment exists in this case in order to prevent immediate and irreparable harm to this business in an amount greatly in excess of the funds the Debtor seeks to pay, and such payment is essential to maximize the return to creditors in this case. If the Debtor fails to make all wage payments requested herein, the affected employees would likely leave the Debtor's employ and without their involvement, knowledge and experience, the likelihood of orderly reorganization of the business would be substantially impaired. The authorization sought herein will also minimize the personal hardship on the affected employees that would result from non-payment.

13. The payment as requested herein is in the best interest of creditors, the Debtor, and the Debtor's employees. The Court has the authority to authorize payment of claims described in the foregoing Motion to the extent they are determined to be pre-petition claims under the circumstances set out herein pursuant to the authority granted to the Bankruptcy Court under the Bankruptcy Code, including 11 U.S.C. §§ 105, 363, 507, 1107 and 1108.

14. Given the nature of the emergency as outlined herein and the facts and circumstances in this case, the relief requested can be granted on an emergency basis with limited and no further notice and does not prejudice the rights of the parties in interest in this matter.

15. As an incentive and as part of its employees' compensation, the Debtor provides health insurance coverage for certain employees. The Debtor has provided this benefit and followed this practice for several years. A list of the employees and the amounts paid for health

benefits is attached as **Exhibit B**.

16. The payments represent contributions to an employee benefit plan arising from services rendered within 180 days before the petition date.

17. These employees have an unsecured claim with priority under 11 U.S.C. § 507(a)(5).

18. This health insurance benefit is an important part of the employees' compensation and benefit plan. Debtor expects that that some or all of the affected employees may seek employment elsewhere if the Debtor does not honor its commitment. The authorization sought herein will minimize the personal hardship on the affected employees that would result from non-payment of the benefits, and would help the Debtor maintain the requisite manpower to operate the business.

19. These employees are experienced and essential to the Debtor's reorganization.

20. The payment requested herein is in the best interest of creditors, the Debtor, and the Debtor's employees, and is essential to the successful reorganization of the Debtor.

21. A proposed Order is attached as **Exhibit C**.

WHEREFORE, the Debtor prays for its Order as follows:

1. That the Court set a hearing on the foregoing motion on an emergency basis;

2. That the Court authorize the Debtor to pay the pre-petition wage claims, including estimated payroll tax obligations, outlined on Exhibit A, and the health insurance benefits outlined on Exhibit B as set forth on the proposed order attached as Exhibit C; and

3. That the Court allow such other and further relief as the Court deems just and proper.

Respectfully submitted this the 25th day of March, 2025.

**NARRON WENZEL, P.A.**

By: ___*/s/ David F. Mills*___
David F. Mills
State Bar No: 18326
P.O. Box 1567
102 S. Third Street
Smithfield, NC 27577
Tele: (919) 934-0049
Fax: (919) 938-1058
dmills@narronwenzel.com

**EXHIBIT A**

Tiny Frog Payroll Totals March 16 – 23, 2025

| | |
|---|---|
| Clayton: | $4,883.70 |
| Dunn: | $5,956.98 |
| Knightdale: | $3,370.65 |
| Lillington: | $5,161.36 |
| McGees: | $5,431.90 |
| Sanford: | $5,498.49 |
| Spout Springs: | $4,032.84 |
| Total: | $34,335.92 |

**EXHIBIT B**

1:18 PM
03/10/25
Accrual Basis

# TINY FROG, INC.
## Transaction Detail by Account
### March 5 - 7, 2025

| Type | Date | Num | Name | Memo | Credit |
|---|---|---|---|---|---|
| **FCB** | | | | | |
| Check | 03/05/2025 | 58056 | ADAMS, JAMES R | INSURANCE | 476.10 |
| Check | 03/07/2025 | 57981 | MYERS, BRUCE E | INSURANCE | 85.05 |
| Check | 03/07/2025 | 58005 | JONES, DANIEL | INSURANCE | 114.28 |
| Check | 03/07/2025 | 58030 | HORN, FREDRICK | INSURANCE | 462.95 |
| Check | 03/07/2025 | 58128 | MATTHEWS, ERIC A | INSURANCE | 273.40 |
| Check | 03/07/2025 | 58159 | TERRY, JAMIE L | INSURANCE | 1,129.50 |
| Check | 03/07/2025 | 58160 | STANCIL, JAMES C | INSURANCE | 500.00 |
| **Total FCB** | | | | | **3,041.28** |
| **TOTAL** | | | | | **3,041.28** |

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

IN RE:
**TINY FROG, INC.,**                                             Case No. 25-01081-5-JNC
                                                                  **Chapter 11**

**Debtor**

**ORDER AUTHORIZING DEBTOR
TO PAY WAGES AND BENEFITS ACCRUED PRE-PETITION**

     THIS MATTER came on for hearing on March ___, 2025, upon the motion of the Debtor, Tiny Frog, Inc. (hereinafter "Debtor"), for authorization to pay pre-petition wages; and the Court, having reviewed the Motion, the record, and the arguments of counsel, is of the opinion that good cause exists to support the Motion and that the same should be allowed; and the Court finds and concludes as follows:

     1.    The Debtor is a corporation formed and existing under the laws of the State of North Carolina in the business of operating seven (7) casual restaurants known as "Highway 55 Burgers Shakes & Fries," primarily in Johnston, Harnett, Wake, Moore, and Lee Counties, North Carolina.

     2.    The Debtor filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of North Carolina on March 25, 2025, and currently operates as a debtor-in-possession.

     3.    Pursuant to EDNC LBR 4002-1(d)(2) the Debtor may not pay prepetition debts without approval of the Court.

     4.    This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157.

5. The Debtor has paid all prepetition payroll for wages accrued through March 15, 2025. Wages continued to accrue from March 16, 2025, to the Petition Date.

6. The wages were accrued in the ordinary course of the Debtor's business.

7. The wages accrued are $34,335.92 as shown on Exhibit A attached to the Motion, in addition to certain payroll tax payments and unemployment payments associated with the prepetition payroll, which the Debtor has estimated in good faith to be $8,216.00 based on the previous pay period.

8. These wages appear to be entitled to 11 U.S.C. § 507(a)(4) priority wage claim status.

9. In addition, as an incentive and as part of its employees' compensation, the Debtor provides health insurance coverage for certain employees as shown on Exhibit B to the Motion. The Debtor has provided this benefit and followed this practice for several years.

10. These payments represent contributions to an employee benefit plan arising from services rendered within 180 days before the petition date and appear to have priority under 11 U.S.C. § 507(a)(5).

11. This health insurance benefit is an important part of the employees' compensation and benefit plan. Debtor expects that that some or all of the affected employees may seek employment elsewhere if the Debtor does not honor its commitment. The authorization sought herein will minimize the personal hardship on the affected employees that would result from non-payment of the benefits, and would help the Debtor maintain the requisite manpower to operate the business.

12. A necessity of payment exists in this case in order to prevent immediate and irreparable harm to this business in an amount greatly in excess of the funds the Debtor seeks to pay, and such payment is essential to maximize the return to creditors in this case. If the Debtor fails to make all wage and benefits payments requested herein, the affected employees would likely leave the Debtor's employ and without their involvement, knowledge and experience, the likelihood of orderly reorganization of the business would be substantially impaired.

13. These employees are experienced and essential to the Debtor's reorganization.

14. The payment requested herein is in the best interest of the estate, the Debtor, and

the Debtor's employees, and is essential to the successful reorganization of the Debtor.

15. The Court has the authority to authorize payment of the claims described in the foregoing Motion pursuant to the authority granted to the Bankruptcy Court under the Bankruptcy Code, including 11 U.S.C. §§ 105, 363, 507, 1107 and 1108.

16. Given the nature of the emergency as outlined by the Debtor and the facts and circumstances in this case, the relief requested can be granted on an emergency basis with limited and no further notice and does not prejudice the rights of the parties in interest in this matter.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED as follows:

1. The Debtor's Motion for authorization to pay pre-petition wages is ALLOWED;

2. The Debtor may, in the ordinary course of business, pay wages, payroll taxes, and benefits accrued from March 16, 2025, to the Petition Date; and

3. This Order is effective immediately upon entry.

**END OF DOCUMENT**