**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:
TINY FROG, INC.,                                              Case No. 25-01081-5-JNC
                                                              Chapter 11
      Debtor

## EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY CRITICAL VENDOR INVOICES INCURRED PRE-PETITION AND REQUEST FOR HEARING

      NOW COMES Tiny Frog, Inc. (hereinafter "Debtor"), by and through its undersigned counsel, and respectfully requests authorization to pay pre-petition invoices owed to certain "critical vendors" and, in support thereof, shows unto the Court the following:

      1.      The Debtor is a corporation formed and existing under the laws of the State of North Carolina in the business of operating seven (7) casual restaurants known as "Highway 55 Burgers Shakes & Fries," primarily in Johnston, Harnett, Wake, and Lee Counties, North Carolina.

      2.      The Debtor filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of North Carolina on March 25, 2025, and currently operates as a debtor-in-possession.

      3.      Pursuant to EDNC LBR 4002-1(d)(2) the Debtor may not pay prepetition debts without approval of the Court.

      4.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157.

      5.      The Debtor requests authority to honor and pay invoices for product delivered to the Debtor for resale pre-petition.

      6.      Sysco Raleigh, LLC ("Sysco") is an international wholesale food and restaurant distributor.  The Debtor purchases all of its food products and restaurant supplies from Sysco.  Sysco also provides guidance and advice on restaurant operations.

      7.      Before the filing of the Petition, the Debtor enjoyed a very good relationship with Sysco, who delivered product on 14-day terms (rolling 2 week term with payment due each Friday for product purchased 2 weeks prior).  At the time of filing, the Debtor was current

according to terms. Sysco is a "critical vendor" as that term is understood in bankruptcy courts.

8. Sysco has advised that if its prepetition invoices are not honored, it will only deliver product after advance cash payment or, at best, it will consider "net 1 day" terms. This would be problematic and logistically difficult, and would likely cause interruptions and delays in having necessary product on hand for operations and resale.

9. Sysco has advised that if the prepetition charges are paid, they will return to the prepetition payment terms.

10. Much of the Debtor's success depends on uniformity and consistency of quality. For that reason, maintaining the relationship with Sysco is of critical importance and securing a replacement provider would be disruptive.

11. The charges were incurred in the ordinary course of the Debtor's business.

12. The amount owed for prepetition deliveries is between $127,004.60 and $128,266.05,[1] as shown on the spreadsheet attached as **Exhibit A.**

13. The "Invoice Date" on Exhibit A also represents the delivery date for each invoice. All product for which payment is outstanding was delivered within 20 days before the Petition Date and were delivered in the ordinary course of business. As a result, Sysco's prepetition claim appears to be entitled to administrative expense status pursuant to § 503(b)(9).

14. A necessity of payment exists in this case in order to prevent immediate and irreparable harm to this business in an amount greatly in excess of the funds the Debtor seeks to pay, and such payment is essential to maximize the return to creditors in this case.

15. The payment as requested herein is in the best interest of creditors and the Debtor. The Court has the authority to authorize payment of claims described in the foregoing Motion to the extent they are determined to be pre-petition claims under the circumstances set out herein pursuant to the authority granted to the Bankruptcy Court under the Bankruptcy Code, including 11 U.S.C. §§ 105, 363, 503, 507, 1107 and 1108.

16. The cash collateral out of which these invoices would be paid exists only as a direct result and as the proceeds of the sale of the goods delivered by Sysco.

17. Other creditors of the Debtor will benefit from the Debtor generating revenue from the sale of an uninterrupted supply of product.

---

[1] Exhibit A totals $127,004.60 but Sysco has indicated that the balance is $128,266.05. Debtor will confirm before making any payment.

18. The Debtor has determined in the reasonable exercise of its business judgment that payment of these prepetition invoices and maintaining normal relations with Sysco is in the best interest of the Debtor, the estate, and all parties in interest.

19. There are limited unencumbered assets of the Debtor and any meaningful recovery on the part of unsecured creditors must of necessity come from future operations and revenue.

20. The services, products, and supplies provided by Sysco are necessary for the Debtor to maintain its operations.

21. The funds needed to pay these prepetition invoices are accounted for in the 30 day budget appended to the Cash Collateral Order approved by the Court on March 31, 2025.

22. Given the nature of the emergency as outlined herein and the facts and circumstances in this case, the relief requested can be granted on an emergency basis with limited and no further notice and does not prejudice the rights of the parties in interest in this matter.

23. A proposed Order is attached as **Exhibit B**.

WHEREFORE, the Debtor prays the Court for its Order as follows:

1. That the Court set a hearing on the foregoing motion on an emergency basis;

2. That the Court authorize the Debtor to pay the pre-petition claims of Sysco Raleigh, LLC, as shown on the invoice report attached as Exhibit A on the condition that Sysco continues to supply the Debtor on prepetition terms; and

3. That the Court allow such other and further relief as the Court deems just and proper.

Respectfully submitted this the 2nd day of April, 2025.

**NARRON WENZEL, P.A.**

By: _/s/ David F. Mills_
David F. Mills
State Bar No: 18326
P.O. Box 1567
102 S. Third Street
Smithfield, NC 27577
Tele: (919) 934-0049
Fax: (919) 938-1058
dmills@narronwenzel.com

EXHIBIT A

| Ship To Number | Inv Date | Days Past Due | Amount | Balance | Transaction Type |
|---|---|---|---|---|---|
| 348472 | 3/17/2025 | 0 | 369.03 | 369.03 | INV |
| 348472 | 3/17/2025 | 0 | 5,265.18 | 5,265.18 | INV |
| 348471 | 3/18/2025 | 0 | 4,928.72 | 4,928.72 | INV |
| 348474 | 3/18/2025 | 0 | 2,788.72 | 2,788.72 | INV |
| 348475 | 3/18/2025 | 0 | 2,034.45 | 2,034.45 | INV |
| 348491 | 3/18/2025 | 0 | 5,169.23 | 5,169.23 | INV |
| 348491 | 3/18/2025 | 0 | 13.40 | 13.40 | INV |
| 348436 | 3/19/2025 | 0 | 4,261.68 | 4,261.68 | INV |
| 348477 | 3/19/2025 | 0 | 1,704.65 | 1,704.65 | INV |
| 348471 | 3/21/2025 | 0 | 89.40 | 89.40 | INV |
| 348471 | 3/21/2025 | 0 | 5,976.78 | 5,976.78 | INV |
| 348472 | 3/21/2025 | 0 | 3,883.00 | 3,883.00 | INV |
| 348474 | 3/21/2025 | 0 | 3,963.94 | 3,963.94 | INV |
| 348491 | 3/21/2025 | 0 | 40.41 | 40.41 | INV |
| 348491 | 3/21/2025 | 0 | 4,597.27 | 4,597.27 | INV |
| 348436 | 3/22/2025 | 0 | 136.53 | 136.53 | INV |
| 348436 | 3/22/2025 | 0 | 189.83 | 189.83 | INV |
| 348436 | 3/22/2025 | 0 | 5,347.68 | 5,347.68 | INV |
| 348436 | 3/22/2025 | 0 | 205.67 | 205.67 | INV |
| 348475 | 3/22/2025 | 0 | 1,841.50 | 1,841.50 | INV |
| 348477 | 3/22/2025 | 0 | 7,233.37 | 7,233.37 | INV |
| 348472 | 3/24/2025 | 0 | 4,868.92 | 4,868.92 | INV |
| 348436 | 3/25/2025 | 0 | 309.40 | 309.40 | INV |
| 348471 | 3/25/2025 | 0 | 4,888.58 | 4,888.58 | INV |
| 348474 | 3/25/2025 | 0 | 3,244.93 | 3,244.93 | INV |
| 348475 | 3/25/2025 | 0 | 2,113.18 | 2,113.18 | INV |
| 348491 | 3/25/2025 | 0 | 4,287.65 | 4,287.65 | INV |
| 348436 | 3/26/2025 | 0 | 161.13 | 161.13 | INV |
| 348436 | 3/26/2025 | 0 | 5,569.14 | 5,569.14 | INV |
| 348471 | 3/26/2025 | 0 | 368.55 | 368.55 | INV |
| 348477 | 3/26/2025 | 0 | 2,569.09 | 2,569.09 | INV |
| 348491 | 3/26/2025 | 0 | 503.94 | 503.94 | INV |
| 348471 | 3/28/2025 | 0 | 5,443.61 | 5,443.61 | INV |
| 348472 | 3/28/2025 | 0 | 4,402.41 | 4,402.41 | INV |
| 348474 | 3/28/2025 | 0 | 3,596.52 | 3,596.52 | INV |
| 348491 | 3/28/2025 | 0 | 104.44 | 104.44 | INV |
| 348491 | 3/28/2025 | 0 | 6,404.10 | 6,404.10 | INV |
| 348436 | 3/29/2025 | 0 | 98.25 | 98.25 | INV |
| 348436 | 3/29/2025 | 0 | 5,770.88 | 5,770.88 | INV |
| 348475 | 3/29/2025 | 0 | 2,225.97 | 2,225.97 | INV |

| 348477 | 3/29/2025 | 0 | 5,566.34 | 5,566.34 | INV |
| --- | --- | --- | --- | --- | --- |
| 348491 | 3/29/2025 | 2 | (66.37) | (66.37) | C/M |
| 348472 | 3/31/2025 | 0 | 4,555.92 | 4,555.92 | INV |
| 348436 | 4/1/2025 | 0 | (22.42) | (22.42) | C/M |
|  |  |  | 127,004.60 | 127,004.60 |  |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| IN RE:<br>**TINY FROG, INC.,**<br>**Debtor** | Case No. 25-01081-5-JNC<br>Chapter 11 |

**ORDER AUTHORIZING DEBTOR**
**TO PAY CRITICAL VENDOR INVOICES INCURRED PREPETITION**

THIS MATTER came on for hearing on April ___, 2025, upon the motion of the Debtor, Tiny Frog, Inc. (hereinafter "Debtor"), for authorization to pay pre-petition invoices owed to Sysco Raleigh, LLC, a critical vendor; and the Court, having reviewed the Motion, the record, and the arguments of counsel, is of the opinion that good cause exists to support the Motion and that the same should be allowed; and the Court finds and concludes as follows:

1. The Debtor is a corporation formed and existing under the laws of the State of North Carolina in the business of operating seven (7) casual restaurants known as "Highway 55 Burgers Shakes & Fries," primarily in Johnston, Harnett, Wake, and Lee Counties, North Carolina.

2. The Debtor filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of North Carolina on March 25, 2025, and currently operates as a debtor-in-possession.

3. Pursuant to EDNC LBR 4002-1(d)(2) the Debtor may not pay prepetition debts without approval of the Court.

4. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157.

5. The Debtor requests authority to honor and pay invoices for product delivered to the Debtor for resale pre-petition.

6. Sysco Raleigh, LLC ("Sysco") is an international wholesale food and restaurant distributor. The Debtor purchases all of its food products and restaurant supplies from Sysco.

7. Before the filing of the Petition, the Debtor enjoyed a very good relationship with Sysco, who delivered product on 14-day terms (rolling 2 week term with payment due each Friday for product purchased 2 weeks prior). At the time of filing, the Debtor was current according to terms. Sysco is a "critical vendor" as that term is understood in bankruptcy courts.

8. Sysco has advised that if its prepetition invoices are not honored, it will only deliver product after advance cash payment or, at best, it will consider "net 1 day" terms. This would be very problematic and logistically difficult, and would likely create interruptions and delays in having necessary product on hand for operations and resale.

9. Sysco has advised that if the prepetition charges are paid, they will return to the prepetition payment terms.

10. Much of the Debtor's success depends on uniformity and consistency of quality. For that reason, maintaining the relationship with Sysco is of critical importance and securing a replacement provider would be disruptive.

11. The charges were incurred in the ordinary course of the Debtor's business.

12. The amount owed for prepetition deliveries is between $127,004.60 and $128,266.05, as shown on the spreadsheet attached to the Motion as **Exhibit A.**

13. All product for which payment is outstanding was delivered within 20 days before the Petition Date and were delivered in the ordinary course of business. As a result, Sysco's prepetition claim appears to be entitled to administrative expense status pursuant to § 503(b)(9).

14. A necessity of payment exists in this case in order to prevent immediate and irreparable harm to this business in an amount greatly in excess of the funds the Debtor seeks to pay, and such payment is essential to maximize the return to creditors in this case.

15. The payment as requested herein is in the best interest of creditors and the Debtor. The Court has the authority to authorize payment of claims described in the foregoing Motion to the extent they are determined to be pre-petition claims under the circumstances set out herein pursuant to the authority granted to the Bankruptcy Court under the Bankruptcy Code, including

11 U.S.C. §§ 105, 363, 503, 507, 1107 and 1108.

16. The cash collateral out of which these invoices would be paid exists only as a direct result and as the proceeds of the sale of the goods delivered by Sysco.

17. Other creditors of the Debtor will benefit from the Debtor generating revenue from the sale of an uninterrupted supply of product.

18. There are limited unencumbered assets of the Debtor and any meaningful recovery on the part of unsecured creditors must of necessity come from future operations and revenue.

19. The services, products, and supplies provided by Sysco are necessary for the Debtor to maintain its operations.

20. The Debtor has determined that payment of these prepetition invoices and maintaining normal relations with Sysco is in the best interest of the Debtor, the estate, and all parties in interest, and the Court finds that this is a reasonable exercise of the Debtor's business judgment.

21. The funds needed to pay these prepetition invoices are accounted for in the 30 day budget appended to the Cash Collateral Order approved by this Court on March 31, 2025.

22. Given the nature of the emergency as outlined herein and the facts and circumstances in this case, the relief requested can be granted on an emergency basis with limited and no further notice and does not prejudice the rights of the parties in interest in this matter.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED as follows:

1. The Debtor's Motion for authorization to pay the prepetition invoices of Sysco Raleigh, LLC, in the amount of up to $128,266.06, is ALLOWED;

2. The Debtor may pay the prepetition invoices of Sysco on the condition that Sysco continues to supply the Debtor on prepetition terms; and

3. This Order is effective immediately upon entry.

**END OF DOCUMENT**